**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| FAR NORTH PATENTS, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>ANALOG DEVICES, INC.,<br><br>    Defendant. | Civil Action No. 6:20-cv-219-ADA |

**DEFENDANT ANALOG DEVICES, INC.'S**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

I.     Introduction ........................................................................................................................ 1

II.    Background ........................................................................................................................ 2

        A.     The Asserted Patents ............................................................................................... 2

        B.     The Infringement Allegations ................................................................................ 5

III.   Legal Standard .................................................................................................................. 5

IV.   Argument .......................................................................................................................... 6

        A.     The Complaint Allegation for the Claimed "Time Frame" is Self-
                Contradictory and Thus Facially Implausible ........................................................ 6

        B.     The Complaint Fails to Plead Any Factual Matter for the Claim
                Requirement to "Defer Transmission" to Another Device .................................... 9

        C.     The Complaint Fails to Plead Any Factual Matter for the
                "Uniquely Assigned" Claim Requirement ............................................................ 10

        D.     The Complaint Fails to Plead any Factual Matter for the Allegation
                Regarding Direct Infringement of the Asserted Method Claims .......................... 12

        E.     The Complaint Fails to Plead any Factual Matter for the Allegation
                Regarding Indirect Infringement of the Expired Asserted Patents ....................... 13

        F.     The Complaint Fails to Plead any Factual Matter for the Allegation
                Regarding Willful Infringement ........................................................................... 14

V.    Conclusion ...................................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                       **Pages**

*Anderson v. Kimberly-Clark Corp.*,
　570 F. App'x 927 (Fed. Cir. 2014) .................................................................................2

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009).............................................................................................. *passim*

*Associated Builders, Inc. v. Ala. Power Co.*,
　505 F.2d 97 (5th Cir. 1974) ............................................................................................9

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007)................................................................................6, 12, 13, 14

*Bogie v. Rosenberg*,
　705 F.3d 603 (7th Cir. 2013) ..........................................................................................9

*Cooter & Gell v. Hartmarx Corp.*,
　496 U.S. 384 (1990).....................................................................................................10

*De La Vega v. Microsoft Corp.*,
　No. W-19-cv-00612-ADA, Dkt. No. 29 (W.D. Tex. Feb. 7, 2020) (Exhibit 7) ................10, 12

*Dura Pharm., Inc. v. Broudo*,
　544 U.S. 336 (2005).......................................................................................................6

*Ericsson, Inc. v. D-Link Systems, Inc.*,
　773 F.3d 1201 (Fed. Cir. 2014)....................................................................................13

*Fujitsu Ltd. v. Netgear Inc.*,
　620 F.3d 1321 (Fed. Cir. 2010)......................................................................................9

*Garzes v. S. San Antonio ISD*,
　No. SA-02-CA-1131-FB, 2003 WL 27384528 (W.D. Tex. May 27, 2003)..............................9

*Global-Tech Appliances, Inc. v. SEB S.A.*,
　563 U.S. 754 (2011).....................................................................................................13

*Joy Technologies, Inc. v. Flakt, Inc.*,
　6 F.3d 770 (Fed. Cir. 1993) .........................................................................................13

*Limelight Networks v. Akamai Technologies*,
　572 U.S. 915 (2014).....................................................................................................13

*National Western Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  175 F.Supp.2d 489 (S.D.N.Y. 2000)...........................................................................8, 9

*NTP, Inc. v. Research in Motion, Ltd.*,
  418 F.3d 1282 (Fed. Cir. 2005)....................................................................................13

*Ormco Corp. v. Align Technology, Inc.*,
  463 F.3d 1299 (Fed. Cir. 2006)....................................................................................12

*Phoneternet, LLC v. LexisNexis Risk Sols., Inc.*,
  No. 3:18-CV-1719-L, 2019 WL 4748271 (N.D. Tex. Sept. 30, 2019).......................9

*Rosas v. Bexar Cty.*,
  No. 5:14-cv-1082, 2015 WL 1955406 (W.D. Tex. Apr. 29, 2015) ............................8

*Scanlan v. Tex. A&M. Univ.*,
  343 F.3d 533 (5th Cir. 2003) ........................................................................................2

*VLSI Tech., LLC v. Intel Corp.*,
  Nos. 6:19-cv-0254-ADA, -0255-ADA, -0256-ADA, Dkt. No. 52 (W.D. Tex.
  Aug. 6, 2019) (Exhibit 8) ...........................................................................................14

**Other Authorities**

Fed. R. Civ. P. 11 ............................................................................................................2, 10, 15

Fed. R. Civ. P. 12(b)(6).......................................................................................................1, 2, 9

Fed. R. Evid. 902 ........................................................................................................................2

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Analog Devices, Inc. ("Analog") hereby moves to dismiss the Complaint filed by Plaintiff Far North Patents, LLC ("Far North") for failure to state a claim upon which relief can be granted.

## I.     Introduction

Despite its extensive length, the Complaint allegations focus solely on applying the asserted claims to an industry-standard communications protocol, and the Complaint makes no attempt to tailor the infringement allegations to any identified features specific to the accused products.[1] In any event, the Complaint fails to state a claim for patent infringement because the Complaint applies the asserted claims in a facially implausible and self-contradictory manner, overlooks key claim limitations entirely when inconvenient, and resorts to mere boilerplate allegations supported only by conclusory statements.

By way of example, the Complaint's allegations that the accused products necessarily implement the "time frame" limitation, which is recited in all asserted claims, erroneously relies on combining two mutually-exclusive scenarios—specifically, the Complaint alleges that the accused products are simultaneously: 1) implementing an optional scheduling feature of an industry standard communications protocol, and 2) *not* implementing that same optional scheduling feature.  In addition, the Complaint is devoid of any factual support for the allegations regarding the claim requirement to "defer transmission" to another device.  The Complaint similarly lacks factual support for the allegations that the device adapters are each "uniquely assigned" to a time phase as claimed.  The Complaint also fails to identify any alleged circumstances in which Analog supposedly infringed the asserted method claims.  Finally, the

---

[1] Of the 122 pages of the complaint, at least 96 pages detail IEEE standards, with only two portions of the accused product's datasheets replicated multiple times throughout.

Complaint alleges indirect and willful infringement based on purported willful blindness that is unaccompanied by any factual predicate and has been expressly held by this Court to be insufficient for both of those allegations.

Because the Complaint fails to state a claim, Analog respectfully requests that the Court grant its motion to dismiss. Furthermore, because the Complaint's sole infringement theory is self-contradictory, any amended complaint would have to contain an entirely new infringement theory created out of whole cloth that would thereby confirm Far North's failure to conduct an adequate pre-litigation inquiry as required by Rule 11. Accordingly, Analog asks that the dismissal be with prejudice.

## II.     Background

### A.     The Asserted Patents

The Complaint alleges infringement of seven claims from five related patents that all arose from the same original patent application. Specifically, the Complaint alleges infringement of claims 1 and 14 of U.S. Patent No. 8,306,053 ("the '053 patent"), claims 1 and 6 of U.S. Patent No. 8,891,504 ("the '504 patent"), claim 27 of U.S. Patent No. 6,246,702 ("the '702 patent"), claim 30 of U.S. Patent No. 6,215,797 ("the '797 patent"), and claim 22 of U.S. Patent No. 6,661,804 ("the '804 patent") (collectively the "Asserted Claims" of the "Asserted Patents").[2] The Asserted Patents "generally pertain to communications networks and other technology used in the provision of wireless services, Voice over Internet Protocol ("VoIP") phone systems, high speed networking,

---

[2] While Far North did not attach the Asserted Patents to its Complaint, the Court can rely on the Asserted Patents for the purposes of this motion because they are integral to Far North's infringement claims, are referenced throughout the Complaint, and are copies of self-authenticating documents under Fed. R. Evid. 902. *See Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 932 (Fed. Cir. 2014) ("In evaluating a Rule 12(b)(6) motion, a court may rely on documents outside the pleadings if they are integral to the plaintiff's claims and their authenticity is not disputed."); *Scanlan v. Tex. A&M. Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (approving consideration of "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim" for a motion to dismiss).

and other advanced communication services." (Complaint at ¶ 6.) Four of the Asserted Patents—the '504, '702, '797, and '804 patents—expired on August 19, 2018. The fifth Asserted Patent—the '053 patent—was granted 987 days of patent term adjustment and will expire by May 2, 2021.

All asserted claims require a "time frame" (or "frame of time") that includes an "assigned" time phase and a "free-access phase." (*See, e.g.,* Complaint at ¶¶ 13, 27, 38, 47, 59.) For example, claim 1 of the '053 patent recites "a transmission unit configured to transmit data from a real time device via a network according to a time frame . . . the time frame repeating periodically and *including a plurality of assigned time phases and a free access phase*." (Exhibit 1 ('053 patent), Claim 1 (emphasis added).) An example of this is illustrated in Figure 4 of the Asserted Patents, which shows a frame "F" containing four assigned time phases ("Owned Phases" 1–4, labeled 201, 202, 203, and 204) and one free access phase ("Un-owned (Free Access) Phase," corresponding to "Phase 5" and labeled 205). (*See* Exhibit 1 ('053 patent) at Figure 4 (reproduced below with color added).)



FIG. 4

Beyond the "time frame" requirement found in all seven Asserted Claims, the claims split roughly into two categories.

3

The first category includes four of the Asserted Claims—claims 1 and 14 of the '053 patent and claims 1 and 6 of the '504 patent—that require the claimed "device adapter" to "defer transmission" to another device. For example, claim 1 of the '504 patent recites a "device adapter" that is configured to "*defer transmission* of data . . . to allow the *another device* to transmit data." (Exhibit 2 ('504 patent), Claim 1 (emphasis added).) An example of this is illustrated in Figure 9A of the Asserted Patents, which shows a phase containing two portions of time where the device adapter ("DA") defers to another device (*i.e.*, the periods numbered 630 and 650, and labeled "Owner DA defers to Native-NRTD packet[s]" from the "Native-NRTD device"). (*See* Exhibit 2 ('504 patent) at Figure 9A (reproduced below with color added).)



FIG. 9A

The second category includes the remaining three asserted claims—claim 27 of the '702 patent, claim 30 of the '797 patent, and claim 22 of the '804 patent—that require "each" device adapter be "uniquely assigned" to a time phase of the frame. For example, claim 27 of the '702 patent requires "a frame of time having a plurality of time phases, *each* of device adapters being *uniquely assigned* to one of said plurality of time phases." (Exhibit 3 ('702 patent), Claim 27

(emphasis added).)  An example of this is illustrated in Figure 4 of the Asserted Patents, *supra*, which shows device adapters uniquely assigned to "Owned Phases" 1–4 (e.g., "Only DA 1 can transmit" in Phase 1, "Only DA 2 can transmit" in Phase 2, etc.).  (*See id.* at Figure 4 (reproduced above with color added).)

### B. The Infringement Allegations

The Complaint's infringement allegations are premised on an industry-standard communications protocol—the IEEE 802.1Q standard promulgated by the Institute of Electrical and Electronics Engineers (IEEE).  (*See, e.g.,* Complaint at ¶ 13.)  The Complaint first alleges that Analog's Fido5000 REM switch products and its EVAL-RapID-TSNEK TSN Evaluation Kit (the "Accused Products") can be configured to use the IEEE 802.1Q standard and thereafter presents infringement allegations premised solely on passages describing that IEEE standard.  (*See* Complaint at ¶¶ 11, 13–18, 24, 26–30, 35, 37–40, 45, 47–52, 57, 59–62.)  The Complaint's infringement allegations are thus premised upon the notion that the Asserted Patents enable every implementation of the cited IEEE standard to allegedly support the inference that any product that supports the standard necessarily infringes.

The Complaint alleges that Analog directly infringes the asserted method claims based on a contention of "using the accused products" without elaboration regarding the circumstances.  (*See* Complaint at ¶¶ 15, 26, 37, 49, 59.)  The Complaint alleges willful blindness premised on Analog's supposed "policy or practice of not reviewing the patents of others," and on that basis alleges indirect and willful infringement.  (Complaint at ¶¶ 86–91.)

### III. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

5

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The plausibility requirement "serves the practical purpose of preventing a plaintiff with 'a largely groundless claim' 'from tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Twombly*, 550 U.S. at 546 (quoting *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005).)

## IV.   Argument

### A.   The Complaint Allegation for the Claimed "Time Frame" is Self-Contradictory and Thus Facially Implausible

All Asserted Claims require a "time frame" (or "frame of time") with two components: (1) one or more "assigned" time phases, and (2) a "free-access phase." (*See, e.g.,* Complaint at ¶¶ 13, 27, 38, 47, 59.) For example, claim 1 of the '053 patent calls for "a transmission unit configured to transmit data from a real time device via a network according to *a time frame . . . the time frame repeating periodically and including a plurality of assigned time phases and a free access phase*." (Exhibit 1 ('053 patent), Claim 1 (emphasis added).)

The Complaint's allegations regarding the assigned and free access phases of the "time frame" are based on the "transmission gates" functionality described in the IEEE 802.1Q communications standard. The Complaint generally alleges that:

> A transmission gate can be in a closed state or open state. The functionality of *assigned time phases* is achieved using *open gates* transmitting data packets *during transmission time*. The functionality of a *free access phase* is achieved when the *gates are opened* for transmission *during any time*.

6

(Complaint at ¶ 13 (emphasis added).)

For the "assigned time phases" of the "time frame"—which is allegedly "achieved using open gates transmitting data packets during transmission time"—the Complaint relies on implementation of an optional scheduling feature of the IEEE standard. Specifically, the Complaint cites Section 8.6.8.4 of the standard, which is titled "Enhancements for scheduled traffic," that describes a feature whereby a device "**may support enhancements** that allow transmission from each queue to be scheduled relative to a known timescale" by having transmission gates that are either in an "Open" state when "selected for transmission" or in a "Closed" state when "not selected for transmission." (Complaint at page 15 (quoting IEEE 802.1Qbv-2015) (reproduced below) (emphasis added).)

> **8.6.8.4 Enhancements for scheduled traffic**
>
> A Bridge or an end station may support enhancements that allow transmission from each queue to be scheduled relative to a known timescale. In order to achieve this, a transmission gate is associated with each queue; the state of the transmission gate determines whether or not queued frames can be selected for transmission (see Figure 8-12). For a given queue, the transmission gate can be in one of two states:
>
>   a) *Open*: Queued frames are selected for transmission, in accordance with the definition of the transmission selection algorithm associated with the queue.
>   b) *Closed*: Queued frames are not selected for transmission.

**Alleged Support for "Assigned Time Phases"**
**(Complaint at 15 (underlining in original, highlighting added))**

However, for the "free access phase" of the "time frame"—which is allegedly "achieved when the gates are opened for transmission during any time"—the Complaint relies on *not* implementing the optional scheduling feature of the IEEE standard. Specifically, the Complaint cites a portion of the standard that states that, "[i]n an implementation that does not support enhancements for scheduled traffic, all gates are assumed to be *permanently in the open state*," also alleges that "[i]f the gates are in *permanent open state*, the data packets are transmitted from the gates *during any time*," and concludes with the allegation quoted above that "[t]he functionality

7

of a free access phase is achieved when the gates are opened for transmission *during any time*." (Complaint at page 16 (quoting IEEE 802.1Qbv-2015, reproduced below), ¶ 13, and ¶ 28 (emphasis added).)

> A *gate control list* associated with each Port contains an ordered list of gate operations. Each gate operation changes the transmission gate state for the gate associated with each of the Port's traffic class queues. In an implementation that does not support enhancements for scheduled traffic, all gates are assumed to be permanently in the *open* state. Table 8-6 identifies the gate operation types, their parameters, and the actions that result from their execution. The state machines that control the execution of the gate control list, along with their variables and procedures, are specified in 8.6.9.

**Alleged Support for "Free Access Phase"**
**(Complaint at 16 (underlining in original, highlighting added))**

The Complaint thus combines two mutually-exclusive scenarios: (1) an implementation that **supports** the optional enhancements for scheduled traffic feature, where transmission gates are opened only during transmission time, as the alleged "assigned" time phase of the "time frame," and are otherwise closed, and (2) an implementation that **does not support** the optional enhancements for scheduled traffic feature, where transmission gates are kept permanently open, as the alleged "free access" time phase of the "time frame." These two scenarios are not asserted as alternative theories for different claims, but are inappropriately cobbled together in a single allegation to satisfy the "time frame" limitation recited in all Asserted Claims. *See National Western Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 175 F.Supp.2d 489, 492 (S.D.N.Y. 2000) ("clashing factual assertions, stated in the context of the same claim rather than as conceptually distinct alternative theories of liability, may be deemed judicial admissions").

The Complaint's reliance on the combination of these mutually-exclusive scenarios is self-contradictory and therefore cannot amount to a plausible theory of infringement. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (quoting *Twombly*, 550 U.S. at 570); *see also Rosas v. Bexar Cty.*, No. 5:14-cv-1082, 2015 WL 1955406, at *5 (W.D. Tex.

Apr. 29, 2015) ("The Court need not accept as true an allegation contradicted by other specific factual allegations within Plaintiff's own Amended Complaint.") (quoting with approval *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) ("In considering a motion to dismiss under Rule 12(b)(6), district courts are free to consider any facts set forth in the complaint that undermine the plaintiff's claim.")); *Garzes v. S. San Antonio ISD*, No. SA-02-CA-1131-FB, 2003 WL 27384528, at *1 (W.D. Tex. May 27, 2003) ("Where an document/exhibit attached to a motion or incorporated in the complaint contradicts an assertion made in the complaint and eliminates any possible claim for relief, dismissal is appropriate."); *Phoneternet, LLC v. LexisNexis Risk Sols., Inc.*, No. 3:18-CV-1719-L, 2019 WL 4748271, at *9 (N.D. Tex. Sept. 30, 2019); *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (holding that facts need not be admitted as true when a document treated as a part of the complaint contradicts allegations within the complaint); *National Western Life Ins. Co.*, 175 F.Supp.2d at 492.[3]

### B. The Complaint Fails to Plead Any Factual Matter for the Claim Requirement to "Defer Transmission" to Another Device

Four of the asserted claims require the claimed "device adapter" to "defer transmission" to another device. Specifically, asserted claims 1 and 6 of the '504 patent both explicitly require the device adapter to "defer transmission of data . . . to allow the **another device** to transmit data" (Exhibit 2 ('504 patent), Claims 1 and 6), while asserted claims 1 and 14 of the '053 patent first specify that the device adapter is configured to transmit data from a "**real time** device" and then

---

[3] Not only do the self-contradictory allegations result in a facially implausible claim, the optional nature of the scheduling feature means that the Complaint's citations solely to the IEEE standard are by definition insufficient factual support for the infringement allegations. *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327–28 (Fed. Cir. 2010) ("standards compliance alone would not establish that the accused infringer chooses to implement the optional section . . . In these cases, the patent owner must compare the claims to the accused products or, if appropriate, prove that the accused products implement any relevant optional sections of the standard").

9

state that it must "defer transmission of data . . . to allow a **non-real time** device to transmit data," *i.e.*, another device that is not the real time device. (*See* Exhibit 1 ('053 patent), Claims 1 and 14.)

The Complaint fails to allege how the accused products supposedly meet the requirement to "defer transmission" to another device. In fact, when Analog identified this defect during email correspondence preceding this motion, Far North's counsel responded by erroneously asserting that "the term 'another device' is not found in the claims." (Exhibit 6 (Email Correspondence) at 3.) By this response, Far North appears to concede that that the Accused Products do not in fact defer transmission to another device.[4] In any event, because the Complaint does not include any description of how the Accused Products meet the claim requirement to "defer transmission" to another device, it fails to state a claim that is "plausible on its face." *See De La Vega v. Microsoft Corp.*, No. W-19-cv-00612-ADA, Dkt. No. 29 (attached as Exhibit 7), slip op. at 13 (W.D. Tex. Feb. 7, 2020) ("Because Plaintiff does not include even a short written description of how the accused instrumentalities meet the 'coupling' limitation, his complaint fails to state a claim upon which relief can be granted.").

### C. The Complaint Fails to Plead Any Factual Matter for the "Uniquely Assigned" Claim Requirement

Three of the asserted claims require that "each" device adapter be "uniquely assigned" to a time phase of the time frame. Specifically, claim 27 of the '702 patent, claim 30 of the '797 patent, and claim 22 of the '804 patent require, with minor differences in wording, "each [of / of said] device adapter[s] [capable of] being *uniquely assigned* to [at least] one of said plurality of

---

[4] In addition, Far North's lack of familiarity with the asserted claims appears to be compelling evidence that it failed to comply with Rule 11's requirement of an adequate pre-filing investigation before filing the Complaint. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

time phases." (*See* Exhibit 3 ('702 patent), Claim 27; Exhibit 4 ('797 patent), Claim 30; Exhibit 5 ('804 patent), Claim 22.)

The Complaint fails to allege how the "uniquely assigned" claim requirement is met and instead only contains a boilerplate recital of the claim limitation without any elaboration that describes how the Accused Products could meet this limitation.[5] In fact, the only factual matter in the Complaint arguably pertinent to the "uniquely assigned" claim requirement shows that this limitation is *not* met by the IEEE standard. Specifically, the Complaint cites a figure from the standard showing a "Gate control list" where *multiple* transmission gates are assigned (e.g., "open" or "o") for *every* time slot ("T00," "T01," etc.) and thus no transmission gate is "uniquely assigned" to any time phase. (Complaint at page 16 (quoting IEEE 802.1Qbv-2015, reproduced below with annotations).)

---

[5] During email correspondence preceding this motion, Far North's counsel effectively admitted that the Complaint contains only bare allegations unsupported by factual matter when they responded that "the allegation in the complaint is that Analog's devices have a 'device adapter to transmit packets during time phase uniquely assigned to the specified device adapter and during said free-access phase.' If Analog has evidence that their devices do not have this functionality, please let us know." (Exhibit 6 (Email Correspondence) at 3.) In so doing, Far North effectively conceded that the Complaint contains only the bare allegation that the Accused Products meet the claim limitation, and attempted to improperly shift the burden to Analog to show that they do not.



**Passage from IEEE 802.1Qbv-2015 Standard (Complaint at 16 (annotation added))**

Because the Complaint is entirely devoid of any factual matter supporting the allegation that any device adapters, much less "each" such device adapter as required, are "uniquely assigned" to a time phase of the time frame, and because the Complaint itself shows that this is in fact not the case, Far North failed to "nudge[] their claims across the line from conceivable to plausible" and the Complaint therefore must be dismissed. *Twombly*, 550 U.S. at 570; *see also De La Vega*, (Exhibit 7), slip op. at 13.

    **D.    The Complaint Fails to Plead any Factual Matter for the Allegation Regarding Direct Infringement of the Asserted Method Claims**

Five of the seven asserted claims are method claims,[6] which could only be infringed by performance of the claimed methods. *Ormco Corp. v. Align Technology, Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed,

---

[6] Specifically, the asserted method claims are claim 14 of the '053 patent, claim 27 of the '702 patent, claim 30 of the '797 patent, claim 6 of the '504 patent, and claim 22 of the '804 patent.

12

not by the sale of an apparatus that is capable of infringing use."); *see also Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201, 1219, 1221–1222 (Fed. Cir. 2014). The Complaint includes only a repeated, boilerplate allegation that Analog infringed the method claims "by using the accused products," but does not provide any factual predicate regarding how, when, or where that alleged use by Analog occurred. (*See* Complaint at ¶¶ 15, 26, 37, 49, 59.) The Complaint fails to allege, even in formulaic fashion, that Analog alone performed all of the method steps, that Analog did so entirely within the United States, or that Analog did so prior to the expiration of the four expired patents. *See Limelight Networks v. Akamai Technologies*, 572 U.S. 915 (2014) (direct infringement of a method claim requires that performance of all the claimed steps be attributable to a single person); *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005) (infringement of a method claim requires that all steps be performed within the United States); *Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 776–777 (Fed. Cir. 1993) (infringement of a method claim requires performance of steps prior to patent expiration). Accordingly, the Complaint's allegation of direct infringement of the five asserted method claims is just a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements" that "do[es] not suffice." *Iqbal*, 556 U.S. 662 at 678; *Twombly*, 550 U.S. at 555.

### E. The Complaint Fails to Plead any Factual Matter for the Allegation Regarding Indirect Infringement of the Expired Asserted Patents

The Complaint alleges indirect infringement of all five Asserted Patents. (Complaint at ¶ 65.) However, indirect infringement either under an inducement theory or by contributory infringement requires knowledge of the patents and of the alleged infringement. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 764–765 (2011). The Complaint alleges that Analog acquired knowledge of the '053 patent "when it was notified of the filing of this [Complaint]." (*See* Complaint at ¶ 19.) The Complaint does not contain similar allegations for the remaining

13

four patents, because they expired prior to the Complaint being filed. As to those expired patents, the Complaint only contains a conclusory allegation that Analog was willfully blind. (*See* Complaint at ¶¶ 86–88.) However, this allegation of willful blindness is based solely on the assertion that "Analog has a policy or practice of not reviewing the patents of others." (*Id.* at ¶ 86.)[7] Even if such a baseless assertion were true, it would still be insufficient to show willful blindness. *See VLSI Tech., LLC v. Intel Corp.*, Nos. 6:19-cv-0254-ADA, -0255-ADA, -0256-ADA, Dkt. No. 52 (attached as Exhibit 8), slip op. at 1 (W.D. Tex. Aug. 6, 2019) (finding a company's "policy that forbids its employees from reading patents held by outside companies or individuals" to be "insufficient to meet the test of willful blindness"). Accordingly, the Complaint's allegation of indirect infringement of the four expired patents is just a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements" that "do[es] not suffice." *Iqbal*, 556 U.S. 662 at 678; *Twombly*, 550 U.S. at 555.

### F. The Complaint Fails to Plead any Factual Matter for the Allegation Regarding Willful Infringement

The Complaint contains a perfunctory allegation that Analog's alleged infringement "is, has been, and/or continues to be willful." (Complaint at ¶ 91.) The Complaint does not elaborate on the willfulness allegation, but the apparent reliance on the earlier willful blindness assertion is also insufficient for willful infringement. *See VLSI Tech.*, (Exhibit 8) slip op. at 2 (concluding that the holding that a company's policy forbidding its employees from reading patents held by outside companies or individuals is insufficient for willful blindness also applies for willful infringement).

---

[7] The Complaint references a law review article that does not mention Analog and is from a 2007 symposium titled "What Ifs and Other Alternative Intellectual Property and Cyberlaw Stories." (Complaint at ¶ 86.)

## V.     Conclusion

For the foregoing reasons, Analog respectfully requests that the Complaint be dismissed with prejudice.  Specifically, Far North's sole allegation regarding the "time frame" requirement found in all Asserted Claims is self-contradictory, so any corrective change in Far North's infringement allegations would have to be so substantial that it would effectively concede that Far North failed to comply with the requirements of Rule 11 when it filed the original Complaint.


 Date:  June 8, 2020                                        Respectfully submitted

                                                            */s/ Michael S. Nadel*
                                                            Michael S. Nadel
                                                            DC Bar No. 470144
                                                            Alexander P. Ott
                                                            DC Bar No. 1003796 (*pro hac vice* pending)
                                                            McDermott Will & Emery LLP
                                                            500 North Capitol Street, NW
                                                            Washington DC 20001
                                                            (202) 756-8000

                                                            Jiaxiao Zhang
                                                            CA Bar No. 317927 (*pro hac vice* pending)
                                                            McDermott Will & Emery LLP
                                                            18565 Jamboree Road, Suite 250
                                                            Irvine, CA 92612-2565
                                                            (949) 851-0633

                                                            *Attorneys for Analog Devices Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Michael S. Nadel